Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
**DONIGER/BURROUGHS, APC**
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SEARS HOLDINGS CORPORATION, an Illinois Corporation; SEARS, ROEBUCK & COMPANY, a Delaware Corporation; SAKUTORI DESIGNS, LLC, a Hawaiian Limited Liability Company; FRENCH CONNECTION GROUP, INC., a New York Corporation; PACIFIC ALLIANCE USA, INC., a New York Corporation; and DOES 1 through 10, <br><br> Defendants. | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

Star Fabrics, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

1
COMPLAINT

**JURISDICTION AND VENUE**

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4.  Plaintiff STAR FABRICS, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1440 East Walnut Street, Los Angeles, California 90011.

5.  Plaintiff is informed and believes and thereon alleges that Defendant SEARS HOLDINGS CORPORATION is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 3333 Beverly Rd., Hoffman Estates, IL 60179, and is doing business in and with the state of California.

6.  Plaintiff is informed and believes and thereon alleges that Defendant SEARS, ROEBUCK & COMPANY (collectively with SEARS HOLDINGS CORPORATION, "SEARS") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 3333 Beverly Rd., Hoffman Estates, IL 60179, and is doing business in and with the state of California.

7.  Plaintiff is informed and believes and thereon alleges that Defendant SAKUTORI DESIGNS, LLC ("SAKUTORI") is a corporation organized and existing under the laws of the state of Hawaii with its principal place of business

COMPLAINT

located at 729 Emily Street, Honolulu, HI 96813, and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant FRENCH CONNECTION GROUP, INC. ("FRENCH") is a corporation organized and existing under the laws of the state of New York with its principal place of business located at 184-10 Jamaica Avenue, 3rd Floor, Hollis, NY 11423, and is doing business in and with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant PACIFIC ALLIANCE USA, INC. ("PACIFIC") is a corporation organized and existing under the laws of the state of New York with its principal place of business located at 350 Fifth Avenue, 9th Floor, New York, NY 10118, and is doing business in and with the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each Defendant was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment and actively participated in, subsequently ratified and/or adopted each and all of the acts or conduct alleged, with full knowledge of all the facts and

circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

### CLAIMS RELATED TO DESIGN NO. 60704

12. Plaintiff is and at all relevant times was the exclusive owner of an original two-dimensional artwork used for purposes of textile printing entitled 60704 ("Subject Design A").

13. Plaintiff applied for and received a United States Copyright Registration for Subject Design A.

14. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

15. Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design A, SEARS and/or DOE Defendants, and each of them, created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design A (hereinafter "Subject Product A") without Plaintiff's authorization, including but not limited to garments sold by SEARS under SKU 840510049997 and bearing the label "Islandwear by Sidan." An image of Subject Design A and an exemplar of Subject Product A are set forth hereinbelow:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4
COMPLAINT

**Subject Design A**          **Subject Product A**




## CLAIMS RELATED TO DESIGN NO. 63327

16. Plaintiff is and at all relevant times was the exclusive owner of an original two-dimensional artwork used for purposes of textile printing entitled 63327 ("Subject Design B").

17. Plaintiff applied for and received a United States Copyright Registration for Subject Design B.

18. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

19. Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design B, SEARS, SAKUTORI, and/or DOE Defendants, and each of them, created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design B (hereinafter "Subject Product B") without Plaintiff's authorization, including but not limited to garments sold by SEARS under SKU 654231929090 and bearing the label

5
COMPLAINT

"Lauren Michele Honolulu" and RN 126701, which indicates that the garments were manufactured by or for SAKUTORI. An image of Subject Design B and an exemplar of Subject Product B are set forth hereinbelow:

**Subject Design B**          **Subject Product B**



### CLAIMS RELATED TO DESIGN NO. 64890

20. Plaintiff is and at all relevant times was the exclusive owner of an original two-dimensional artwork used for purposes of textile printing entitled 64890 ("Subject Design C").

21. Plaintiff applied for and received a United States Copyright Registration for Subject Design C.

22. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design C to numerous parties in the fashion and apparel industries.

23. Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design C, SEARS, FRENCH, PACIFIC, and/or DOE Defendants, and each of them, created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject

1  Design C (hereinafter "Subject Product C") without Plaintiff's authorization,

2  including but not limited to garments sold by SEARS under SKU 727883229471 and

3  bearing the label "UK Style by French Connection" and RN 123475, which indicates

4  that the garments were manufactured by or for PACIFIC. An image of Subject

5  Design C and an exemplar of Subject Product C are set forth hereinbelow:

6  **Subject Design C**                    **Subject Product C**

 

## CLAIMS OF COPYRIGHT INFRINGEMENT

19      24.Plaintiff is informed and believes and thereon alleges that Defendants, and

20  each of them, had access to Subject Designs A, B, and/or C (collectively, "Subject

21  Designs"), including, without limitation, through (a) access to Plaintiff's showroom

22  and/or design library; (b) access to illegally distributed copies of Subject Designs by

23  third-party vendors and/or DOE Defendants, including without limitation

24  international and/or overseas converters and printing mills; (c) access to Plaintiff's

25  strike-offs and samples, and (d) access to garments in the marketplace manufactured

26  with lawfully printed fabric bearing Subject Designs.

25. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Subject Designs, or were an illegal modification thereof.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling product bearing unauthorized reproductions of Subject Designs (hereinafter, "Subject Product") through a nationwide network of retail stores, catalogues, and through on-line websites.

27. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

28. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Designs in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

8
COMPLAINT

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

   a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Designs;

   b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

   c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

   d. That Plaintiff be awarded pre-judgment interest as allowed by law;

   e. That Plaintiff be awarded the costs of this action; and

   f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


Dated: October 2, 2014          DONIGER/BURROUGHS


                                By:    /s/ Howard S. Han
                                       Stephen M. Doniger, Esq.
                                       Howard S. Han, Esq.
                                       Attorneys for Plaintiff

COMPLAINT